United States District Court
Southern District of Texas

**ENTERED**

April 08, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **LOREN YAZMIN SANDOVAL-TORRES,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | **CIVIL ACTION NO. 5:26-CV-00310** |
| | § | |
| **MIGUEL VERGARA, *et al.*,** | § | |
| Respondents. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, (Dkt. No. 1), and Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus for Lack of Subject Matter Jurisdiction, (Dkt. No. 7). Petitioner has not filed a reply to Respondents' motion.

Petitioner is a citizen of Honduras. She originally entered the United States without inspection on or about October 7, 2012. (Dkt. No. 7 at 2). She was processed for expedited removal and removed from the United States. (Dkt. No. 7 at 2; Dkt. No. 7-2). When removed, she was "advised that she could not return to the United States for a period of [five] years, and that if she did, she would be subject to a re-instatement of a prior order of removal." (Dkt. No. 7 at 2; Dkt. No. 7-2).

Petitioner was apprehended by immigration officials again after entering the United States without inspection on May 15, 2014. (Dkt. No. 7 at 2–3). According to Petitioner's Record of Deportable/Inadmissible Alien, her removal order was re-instated on May 16, 2014. (Dkt. No. 7-3 at 3). Though her removal order was re-instated, an asylum officer determined that she had a credible fear of removal to Honduras. (Dkt. No. 7-4). Petitioner was put in withholding-only proceedings to determine if she should be granted withholding of removal or protection from removal under the Convention Against Torture (CAT) (*See id.*).

Though the record does not show when Petitioner was released from custody in 2014 or re-detained in 2025, Petitioner was apparently detained at some point before her final hearing in her withholding-only proceedings on December 11, 2025. The

Immigration Judge (IJ) denied her applications for relief from removal on December 11, 2025, and she appealed that decision. (Dkt. No. 7-6; Dkt. No. 7-7). Petitioner received a bond hearing on December 11, 2025, but she was denied bond because she was "in withholding only proceedings and is ineligible for bond." (Dkt. No. 7-5).

Petitioner filed the instant petition for a writ of habeas corpus, asserting that her continued detention violates her Fifth Amendment due process rights because she has been subjected to a "prolonged period of detention following the issuance of a non-final removal order pending appeal" and she has not received a bond hearing. (Dkt. No. 1). She requests, among other things, that the Court issue an order requiring Respondents to release her or, alternatively, provide a bond hearing.

Respondents move to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (Dkt. No. 7). They assert that Petitioner is subject to mandatory detention under 8 U.S.C. Section 1231(a), and the Supreme Court has held that she is not entitled to a bond hearing. (*Id.*) (citing *Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021)). Respondents also assert that Petitioner's due process challenge fails because detention for the limited purpose of removal proceedings is constitutionally permissible and there can be no procedural due process violation because Petitioner is not entitled to a bond hearing. Respondents also contend that Petitioner was provided a bond hearing even though she was denied bond by the IJ because she was in withholding-only proceedings.

Section 1231(a)(5) provides:

> If the [Department of Homeland Security] finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

8 U.S.C. § 1231(a)(5). In general, "[d]uring the removal period, the Attorney General shall detain the alien." § 1231(a)(2)(A) (requiring mandatory detention for noncitizens subject to removal orders during the removal period). This period runs for ninety days and is triggered by the latest of the following:

(i)    The date the order of removal becomes administratively final.

(ii)    If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii)    If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

§ 1231(a)(1)(B).

Here, on May 16, 2014, Petitioner's order of removal was re-instated from its original date, October 7, 2012. (Dkt. Nos. 7-2, 7-3). Her removal order was administratively final, and subsequent withholding-only proceedings did not affect the finality of that order: "Because the validity of removal orders is not affected by the grant of withholding-only relief, an alien's initiation of withholding-only proceedings does not render non-final an otherwise 'administratively final' reinstated order of removal." *Guzman Chavez*, 594 U.S. at 540.

The Court grants Respondents' motion to dismiss. Petitioner's only pleaded claim here is that her detention violates due process because she has not received a bond hearing. However, her claims do not consider or explain how she is entitled to relief given her reinstated order of removal, particularly with respect to the holding in *Guzman Chavez*. There, the Supreme Court held that noncitizens like Petitioner were not entitled to a bond hearing: "We conclude that § 1231, not § 1226, governs the detention of aliens subject to reinstated orders of removal, meaning those aliens are not entitled to a bond hearing while they pursue withholding of removal." *Id.* at 526. The Court need not reach Respondents' other arguments because the Court finds that Petitioner is subject to mandatory detention under statute and precedent, and her claim as pleaded does not show that her detention is unlawful.

For the reasons stated above, Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus for Lack of Subject Matter Jurisdiction, (Dkt. No. 7), is **GRANTED**. Petitioner's Petition for Writ of Habeas Corpus, (Dkt. No. 1), is **DENIED**.

A final judgment will follow.

It is so **ORDERED**.

**SIGNED** on April 6, 2026.

_____
John A. Kazen
United States District Judge